FILED'08 JUN 30 13:48USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CORY J. HANEWINCKEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 07-6103-JO |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

Alan S. Graf
P. O. Box 98
Summertown, TN 38483

  Attorney for Plaintiff

Britannia I. Hobbs
Assistant United States Attorney
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Daphne Banay
David M. Blume
SOCIAL SECURITY ADMINISTRATION
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA  98104-7075

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

    Attorneys for Defendant

JONES, Judge:

    Claimant Cory Hanewinckel seeks judicial review of a final decision of the

Commissioner of Social Security denying his applications for a period of disability and disability

insurance benefits ("DIB") and supplemental security income benefits ("SSI").  Defendant, in

turn, has moved to remand this case for further administrative proceedings (# 22).

    This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C.

§ 405(g).  Following a careful review of the record, the court concludes that the case must be

remanded for further proceedings and therefore grants defendant's motion.

## ADMINISTRATIVE HISTORY

    Claimant protectively filed applications for DIB and SSI on December 9, 2002, alleging

disability since July 1, 1984, later amended to May 2001.  The applications were denied initially

and on reconsideration.  Claimant requested a hearing, which was held before an Administrative

Law Judge ("ALJ") on November 25, 2003.  Claimant, represented by counsel, appeared and

testified, as did a vocational expert.  On March 28, 2006, the ALJ issued a decision denying

claimant's applications.  The ALJ's decision became the final decision of the Commissioner on

March 19, 2007, when the Appeals Council declined review.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal

standards and the findings are supported by substantial evidence on the record as a whole.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993).  The court must

weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion."

Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be

upheld if it is a rational interpretation of the evidence, even if there are other possible rational

interpretations.  Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

DISCUSSION

The Commissioner acknowledges error in the Appeals Council's failure to consider or

address lay witness evidence claimant submitted to the Council after the ALJ rendered his

decision.  The Commissioner asks this court to remand the case to permit further proceedings

based on that evidence.

Claimant, in turn, asks the court to remand for an immediate award of benefits.  Claimant

argues that not only did the Appeals Council fail to consider the lay witness evidence, but the

ALJ also failed to provide sufficient reasons for rejecting the opinions of a multitude of

claimant's physicians; specifically, Drs. Anderson, McCullough, Dubow, Winters, Truhn,

Stanhiser, Villanueva, and Olander, as well as certain other providers, Keith Brenswick, MS, and

Terry Sickler, MS.

3 - OPINION AND ORDER

Without question, claimant presents an extensive history of medical and psychological treatment for a variety of issues. I have reviewed his file thoroughly, and disagree with claimant's allegations. The ALJ's evaluation of the medical evidence and the opinions of the various providers is complete and appropriate, and his findings based on that evidence are supported by substantial evidence in the record. I also conclude that the ALJ's finding concerning claimant's credibility is properly explained and supported by substantial evidence.

Remand to permit consideration of the lay witness testimony is the appropriate remedy for the Commissioner's acknowledged error. The Ninth Circuit has articulated standards by which this court is to decide whether to remand for further proceedings or simply for an award of benefits. If enhancement of the record would be useful, remand for further proceedings is appropriate. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). If, however, the record has been fully developed and further administrative proceedings would serve no useful purpose, the court should remand for an immediate award of benefits. Id. Ultimately, it is within this court's discretion to remand for further proceedings or an immediate award of benefits. Id. at 590.

I agree with the Commissioner that further administrative proceedings are appropriate because the record, although complex, does not require a finding of disability and contains unresolved issues. Thus, remand for an immediate award of benefits is not appropriate.

Consequently, in the exercise of my discretion, I grant defendant's motion (# 22) and remand this action to the Commissioner.

In light of this remand, the Commissioner shall pay claimant's attorney fees accrued in connection with the current applications.

CONCLUSION

Defendant's motion to remand (# 22) is GRANTED.  The decision of the Commissioner

denying benefits is reversed and remanded for further proceedings consistent with this opinion.

DATED this  25th  day of June, 2008.


ROBERT E. JONES
U.S. District Judge